CARTER and others *v.* THE STEAM-BOAT MORRISANIA.

*(District Court, E. D. New York. July 23, 1880.*

1. COLLISION—VESSEL IN TOW OF TUG—FAILURE TO ANSWER STEAMER'S WHISTLES.—A steamer crossing the bows of a towed schooner at flood tide, at Hell Gate, just below Flood rock, and midway between Flood rock and Long Island shore, is justified in assuming that the schooner is proceeding under wind and tide alone, when the tug is not visible, and has failed to respond to the steamer's whistles.

*Scudder & Carter,* for libellants.

*T. C. Cronin,* for respondents.

BENEDICT, D. J. This action is brought by the owners of the schooner Jennie M. Carter to recover of the steam-boat Morrisania the damages caused by a collision between those two vessels that occurred at Hell Gate on the twenty-first day of December, 1870.

The following facts are either undisputed or proved by the weight of the evidence: The time of the collision was early in the morning, while it was still dark. The place of the collision was just below Flood rock, and about midway between Flood rock and the Long Island shore. The tide was flood, and the wind was light. The Morrisania was a passenger steam-boat, proceeding upon her regular trip from Harlem to New York, touching at One Hundred and Nineteenth street, and at Astoria dock. At the time of the collision she was crossing the river from One Hundred and Nineteenth street to Astoria dock. . The schooner was proceeding towards the sound in tow of the tug Trojan, running at a speed of from five to six knots per hour. The tug was on the starboard side of the schooner, and aft. The spanker of the schooner was set, and her mainsail partly up, being in the act of hoisting it, so that the tug was not visible to one approaching from the port. The schooner's red light was seen by those in charge of the Morrisania when the steam-boat was in the neighborhood of Little Mill rock; but there was nothing then visible to the Morrisania to enable her to determine whether the schooner was proceeding by wind and tide or by steam. Two whistles were then blown to her from the Morrisania, and the boat slowed. No answer to the signals being received by the Morrisania, she started again, upon the supposition that the schooner was proceeding by wind and tide, and with the intention of crossing ahead of the schooner. As the vessels approached near to each other the schooner was discovered to be proceeding by steam, but it was then too late to avoid collision. The Morrisania succeeded in getting part way across the course of the schooner, when she was struck by the schooner in the starboard wheel. If the schooner had been

proceeding by wind and tide, the Morrisania could have gone ahead of the schooner without risk of collision. Proceeding as the schooner was, it was not possible for the Morrisania to cross her bows in safety, nor was it possible in that locality, with a flood tide, for the steam-boat to stop after she had cause to suspect that the schooner was moving by steam, and before she reached the schooner.

From these facts the conclusion follows that the collision was not caused by any fault on the part of the Morrisania. The schooner was at Hell Gate in a flood tide, with sails up. The locality was dangerous. The Morrisania was upon a well-known course, which crossed the course the schooner was taking. Schooners pass the gate sometimes by wind and tide, and sometimes they are towed. The schooner's red light was seen in time by the Morrisania, and she was then entitled, upon inquiry, to be informed whether the schooner was proceeding by wind and tide, or by steam. That inquiry was put by the two whistles blown on the Morrisania. Receiving no signal in return was, under the circumstances, equivalent to an answer that the schooner was proceeding by wind and tide. The Morrisania had the right to presume that, if a tug was towing the schooner, the signal given by the Morrisania would be replied to. When no reply was received she was justified in assuming that the schooner was proceeding by wind and tide.

Under such circumstances it was no fault in the Morrisania to attempt to pass ahead of the sailing vessel. The fault that caused the collision was the omission to reply to the signals which the Morrisania gave, in time, for it cannot be doubted that if these signals had been replied to by the tug the collision would not have occurred. The case is not that of a steamer pressing on while in doubt. The schooner's light was in plain sight and the schooner within easy hearing distance. The signals were loudly blown on the Morrisania, and the lights were plainly visible to the schooner. When, under such circumstances, no reply was made to her signals, the Morrisania was not called on to doubt, but was

justified in assuming that the schooner was proceeding under wind and tide, and in acting, upon that assumption, as she did.

The libel must be dismissed and with costs.